# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSE AMAYA-ORTIZ,<br><br>Defendant. | Criminal No. 12-cr-125-17 (CKK) |

## MEMORANDUM OPINION
(November 3, 2017)

Presently before the Court is Defendant Jose Amaya-Ortiz's *pro se* [356] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which the Government opposes. Defendant Jose Amaya-Ortiz (hereinafter "Defendant" or "Mr. Amaya-Ortiz") requests that the Court modify or reduce his sentence based on a 2015 amendment to the United States Sentencing Guidelines. Because Mr. Amaya-Ortiz is not challenging the legality of his sentence, the Court shall construe Defendant's Motion as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Mr. Amaya-Ortiz is ineligible for a reduction of his sentence pursuant to section 3582(c)(2). Accordingly, Mr. Amaya-Ortiz's Motion is DENIED for the reasons described herein.

---

[1] Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support thereof (collectively, the Def.'s Mot."), ECF No. 356; Government's Opposition to Defendant's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Govt.'s Opp'n"), ECF No. 360; Government's Statement of Facts in Support of Defendant's Plea of Guilty, ECF No. 233; Plea Agreement, ECF No. 234; Judgment in a Criminal Case, ECF No. 266; Unopposed Motion to Reduce Sentence, ECF No. 317; Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 354.

## I. BACKGROUND

On November 14, 2013, Defendant entered into a Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), whereby he pled guilty to Count One of a Superseding Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The parties agreed on a sentence of 150 months of incarceration, to be followed by 60 months of supervised release. The parties agreed further that pursuant to the Sentencing Guidelines: (1) the Defendant's Base Offense Level was 36 under U.S.S.G. § 2D1.1; (2) Defendant was subject to a two-level aggravating role adjustment under U.S.S.G. § 3B1.1(c) because he was a manager or supervisor of criminal activity; and (3) Defendant should receive a three-level reduction under U.S.S.G. § 3E1.1 for accepting responsibility. Defendants' applicable Sentencing Guidelines offense level was 35, which corresponded with the applicable Guidelines range of 168 months to 210 months, because his criminal history category was I. Accordingly, Defendant's sentence of 150 months, which was accepted by the Court, was below the low end of the Guidelines range.

On July 2, 2015, Defendant filed an unopposed motion requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines which reduced Defendant's base level offense by two points. *See* U.S.S.G. Supp. App. C, Amdt. 782 (Nov. 1, 2014). Amendment 782 lowered the bottom end of Defendant's applicable Guidelines range from 168 months to 135 months, and accordingly, Defendant requested that the Court employ its discretion to reduce his sentence from 150 months to 135 months of imprisonment. On November 3, 2016, the Court granted Defendant's request and reduced his sentence to 135 months.

On November 3, 2016, Defendant filed the instant Motion, pursuant to 28 U.S.C. § 2255, in which he asserts that he is entitled to a further sentence reduction under Amendment 794 to the Sentencing Guidelines, whereby the United States Sentencing Commission amended the commentary to U.S.S.G. § 3B1.2, to make a sentencing adjustment available for a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. Supp. App. C, Amdt. 794 (Nov. 1, 2015). More specifically, Defendant asserts that he is entitled to a "2, 3, or 4 level[ ]" reduction in his sentence and he requests an "adjustment[ ] to his term[ ] of imprisonment according to the tenets of Amendment 794 giving consideration to the expanded criteria, and addressing his involvement in the conspiracy."[2] Def.'s Mot. at 16.

Since the Defendant is proceeding *pro se*, his motion will be liberally construed to conform to the nature of the relief he seeks. S*ee, e.g., United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (noting a court's obligation to construe *pro se* filings liberally); *Williams v. Gonzalez*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008) ("The Court is not bound by a *pro se* litigant's characterization of his cause of action. Rather a court must determine the proper characterization of a filing by the nature of the relief sought."); *McLean v. United States*, Criminal Action No. 90-318 (TFH), 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006) ("A court must determine the proper characterization of a motion by the nature of the relief sought.") (citation omitted)). In this case, Defendant seeks

---

[2] The commentary to § 3B1.2 now includes the following non-exhaustive list of factors relevant to a defendant's eligibility for a mitigating role adjustment: (1) the degree that a defendant understood the scope and structure of the criminal activity; (2) the degree that a defendant participated in the planning or organizing of the criminal activity; (3) the degree that a defendant exercised or influenced decision-making authority; (4) the nature and extent of a defendant's participation in the commission of criminal activity, including acts performed and responsibility and discretion for the same; and (5) the degree that a defendant stood to benefit from the criminal activity. *See* U.S.S.G. § 3B1.2 commentary.

3

reconsideration of his sentence in light of an intervening change to the Sentencing Guidelines, as opposed to challenging the legality of his sentence. Accordingly, Defendant's motion should be construed as a motion to modify his sentence under 18 U.S.C. Section 3582 as opposed to a motion to vacate, set aside or correct his sentence under 28 U.S.C. Section 2255. *Accord United States v Morales-Perez*, 2016 WL 6426394 (S.D.N.Y. Oct. 27, 2016) (construing § 2255 petition as a motion to modify sentence under § 3582 where petitioner sought a sentence reduction pursuant to Amendment 794).[3]

## II. DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010). However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2). Only the third circumstance is at issue in this case, as explained in more detail below:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion. . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[3] If Defendant's Motion was treated as a motion pursuant to Section 2255, it would be time-barred because Defendant was sentenced in this case on February 7, 2014, did not appeal, and did not file the instant motion until November 3, 2016, which is more than one year after his conviction became final. *See* 28 U.S.C. § 2255(f).

4

18 U.S.C. § 3582(c)(2).

<u>Does Amendment 794 apply retroactively?</u>

A court's power pursuant to Section 3582(c) depends on the Commission's decision to amend the Guidelines as well as the decision to make the amendment retroactive. *Dillon*, 560 U.S. at 826. "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Defendant asserts that "Amendment 794 applies retroactively because it is a "clarifying" as opposed to a "substantive" amendment." Def.'s Mot. at 16. Defendant provides no further explanation nor any authority for his conclusion that Amendment 794 is clarifying and thus, applies retroactively.[4]

The D.C. Circuit has not yet ruled on this issue of whether Amendment 794 is a clarifying amendment or a substantive change. In a case discussing whether another amendment to the Sentencing Guidelines was retroactive, the Court of Appeals noted that "the Supreme Court [has]

---

[4] In *United States v. Sanchez-Villarreal*, the Court of Appeals for the Fifth Circuit considered whether Amendment 794 is clarifying the guideline, noting that the court had not yet determined that issue, but that "[t]hree other circuit courts — the Sixth, the Ninth, and the Eleventh — ha[d] recently held that Amendment 794 is a clarifying amendment and thus retroactively applicable" while the First Circuit declined to decide the issue. 857 F.3d 714, 720 (citations omitted). The *Sanchez-Villarreal* court ultimately decided that Amendment 794 was clarifying, after weighing the *Huff* factors and taking into account the "unanimity of circuit courts that have ruled on this issue and the Government's concession that the amendment [was] clarifying." *Id.* at 721. Factors considered in determining whether an amendment to the Guidelines is clarifying or substantive include: 1) whether the Commission expressly characterized the amendment as clarifying; (2) whether the amendment is intended to address a circuit split; (3) whether the amendment is listed in Section 1B1.10 (d); and (4) whether the amendment alters the language of the commentary or the language of the Guideline. *See United States v. Huff*, 370 F.3d 454, 465-67 (5th Cir. 2004).

held that the policy statement in § 1B1.10 governs whether changes to the Guidelines may be given retroactive effect." *United States v. Williams*, 495 Fed. Appx 96, 97 (D.C. Cir. 2013) (citing *Dillon*, 130 S. Ct. at 2691). While the policy statement lists amendments which were intended by the Sentencing Commission to apply retroactively, Amendment 794 is not included among them. *See* U.S.S.G. § 1B1.10(d). Accordingly, because Defendant has proffered no argument or authority regarding the retroactive application of Amendment 794, Defendant's claim could be denied on grounds that the Court is without authority under Section 3582(c)(2) to reduce the Defendant's sentence pursuant to this Amendment. *See, e.g., United States v. Camacho-Maldonaldo*, Cases Nos. 07-cr-99, 16-cv-3111, 2016 WL 6681520, at *2 n.3 (M.D. Fla. Nov. 14, 2016) (declining to apply the finding of retroactivity in *Quintero-Leyva* insofar as that case held that Amendment 794 applied retroactively to direct appeals, and this case did not involve a direct appeal, and further, because the Amendment was not listed in Section 1B1.10(d)); *United States v. Williams*, Criminal No. 12-52, 2016 WL 6471231, at *2 (S.D. Miss. Nov. 1, 2016) ("If an amendment is not listed, a retroactive sentence reduction is not authorized"); *Vergara v. United States*, Case Nos. 16-CV-394, 14-CR-222, 2016 WL 5717843, at *3 (W.D. Tex. Sept. 30, 2016) (declining to apply Amendment 794 retroactively because it was not listed as eligible for retroactive effect in the Sentencing Guidelines); *Logan v. United States*, Case No. 5:16 CV 1461, 2016 WL 5338060, at *5 (N.D. Ohio Sept. 23, 2016) (finding that the Commission's retroactivity determinations control and the Commission has the responsibility to specify which amendments apply retroactively). The Court's inquiry need not end here however, if the Court accepts that Amendment 794 could be applied retroactively. *See generally United States v. Gomez-Valle*, 828 F.3d 324 (Fifth Circuit 2016) (concluding that it was not necessary to resolve whether Amendment 794 was a substantive change or only clarifying because even if it was applied retroactively, it

would not affect the defendant's sentence).

### If Amendment 794 applied retroactively, would Defendant be entitled to relief under § 3582(c)(2)?

Assuming *arguendo* that Amendment 794 does apply retroactively, the Defendant could be a beneficiary under Section 3B1.2 of the Sentencing Guidelines, which provides for a two to four level downward adjustment to a defendant's offense level, if the defendant was a "minimal" or "minor" participant in the criminal activity. U.S.S.G. § 3B1.2. In the instant case, Defendant did not receive a mitigating role reduction to his offense level when he was sentenced in 2014; instead, the Defendant and the Government agreed that his offense level should be increased two levels under Section 3B1.1 of the Sentencing Guidelines because of his aggravating role as a manager or supervisor of criminal activity. *See* Plea Agreement, ECF No. 234, at 4. *See* U.S.S.G. § 3B1.1 ("Aggravating Role").[5] The Government argues that "[e]ven assuming . . . that the aggravating role enhancement that defendant received would not necessarily preclude him from also receiving a mitigating role reduction, defendant's role as a manager or supervisor of criminal activity weighs heavily against his eligibility for an adjustment intended for 'low-level offenders' such as 'drug couriers and mules.'"[6] Govt.'s Opp'n at 8; *see* U.S.S.G. Supp. App. C, Amdt. 794.

An examination of the record in this case indicates that Defendant played more than a minimal or minor role in the criminal activity, and his role was significant relative to his co-conspirators insofar as he "supplied large quantities of cocaine to [the] conspiracy, and was responsible for overseeing the shipment of at least fifty kilograms of cocaine from Texas to the

---

[5] This Section has not been amended by the United States Sentencing Commission.
[6] The Government indicates that the circuits appear to be split as to whether the same defendant could in theory receive both an aggravating role enhancement and a mitigating role reduction, and further, that the D.C. Circuit has not weighed in on this issue. Govt.'s Opp'n at 8 n.6 (string citing cases).

7

Washington, D.C. area." Nov. 14, 2013 Govt. Stmt. of Facts in Support of Def.'s Plea of Guilty, ECF No. 233, at 4. Defendant supervised at least five shipments of cocaine during the period between August 2011 and May 23, 2012. *Id.* at 6. Defendant supervised the drug couriers during the course of these trips to Texas, and he made the arrangements to procure the cocaine, took possession of the vehicle so the cocaine could be loaded into it, and alerted the group as to the planned return to Washington, D.C. *Id.* Accordingly, the Court finds that, even if Amendment 794 was retroactive and Defendant's aggravating role enhancement did not preclude him from also receiving a mitigating role reduction, Defendant's role as a major supplier of cocaine to the conspiracy, a supervisor of couriers, and a manager of shipments defeats his contention that he was a low-level participant in the conspiracy who would be eligible for a mitigating role reduction.

### III. CONCLUSION

Defendant Jose Amaya-Ortiz is ineligible for a sentence reduction because: (1) Amendment 794 to U.S.S.G. § 3B1.2 is not retroactively applicable to collateral proceedings pursuant to 18 U.S.C. § 3582(c)(2); and (2) even if Amendment 794 was retroactive, Defendant's role as a manager or supervisor of the criminal activity precludes him from claiming entitlement to any benefit available to low-level participants in such criminal activity. Accordingly, Defendant's motion [356] shall be denied.

An appropriate Order accompanies this Memorandum Opinion.

DATED: November 3, 2017

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE